### ALL v. COUNTY OF BARNWELL.

1. A county is liable to a person injured through a defect in the repair of a highway, whether it was negligent or not (*Gen. Stat.*, § 1087); but this statutory right of action does not survive to the personal representative of the person so injured, neither under this section nor under the prior act of 1859 (12 *Stat.*, 825; *Gen. Stat.*, § 2183), which gives a right of action where death has been caused by the default of another.

2. The action having been brought for the benefit of the widow and children of the person killed, it could not, by amendment, be changed into an action to recover damages for the benefit of the general administration.

Before FRASER, J., Barnwell, December, 1887.

The appeal was from the following order sustaining a demurrer:

The defendant had filed an answer containing a general denial of the allegations in the complaint, but submitted an oral demurrer that the complaint does not state facts sufficient to constitute a cause of action. The case was heard on this demurrer. The complaint alleges that there was in said county, on a "public road" leading from Blackville to Barnwell, "a deep and dangerous hole or trench" which remained open and unrepaired for about three weeks; that the deceased, J. A. All, while travelling on said road in the night time, in his wagon containing a gin, was instantly killed by the wheel of said wagon running into said hole, and said gin being thrown upon him; that the said deceased exercised due care, and that the defendant was guilty of negligence; that by "*reason of said negligence* on the part of the defendant resulting in the death of the deceased, the plaintiff, as his widow and administratrix, is damaged ten thousand dollars, and that she brings this action for her own benefit and the benefit of the family of the deceased."

No question was raised in argument as to whether this complaint contains sufficient statement of facts to constitute a "defect in the repair of a highway," under section 1087, *General Statutes*, or whether it was necessary to allege that the load carried in the wagon of the deceased did not exceed "the ordinary weight," or whether the word family is a sufficient description of the persons for whose benefit an action can be brought under sections 2183–4, *General Statutes*. I will assume that in these respects the complaint is sufficient.

It will be observed, however, that the complaint does not state a cause of action in favor of the administratrix, as such, to recover an amount in damages that would come to her hands to be administered in due course : 1st, to the creditors of the intestate; and 2nd, to the distributees generally, who would be entitled under our statutes of distribution. The complaint states a cause of action, or what it claims to be a cause of action, in favor of the administratrix *for her own use and benefit,* as widow, and for the benefit of the *family,* meaning thereby, I assume, the children of the surviving parent, who alone are provided for under sections 2183–4, *General Statutes*. It is not, therefore, a question whether an administratrix can bring an action in the

cases arising under section 1087, but whether such an action can be brought for the purposes and for the benefit of the persons provided for by sections 2183-4.

Municipal and other legislative corporations, like the defendant in this case, established as a part of the government of the State, are not liable to a civil action for damages sustained by reason of failure to perform public duties imposed on them, unless the legislature provides by statute for a right of action against them. *Young* v. *City Council*, 20 S. C., 116. There are certain actions which our statutes permit to be brought against the counties in the Court of Common Pleas; and a *dictum* in *Jennings* v. *Abbeville County* (24 S. C., 548), recognizes as one of them an action for damages, caused for "defects in the repair of highways," under section 1087. If such an action is *ex delicto*, then, under the general rule, never modified as to injuries to the person except by sections 2183-4, the cause of action died with the person injured, unless it survives by virtue of sections 2183-4. *Lord Campbell's Act.* If, however, the action would be not *ex delicto*, but *ex contractu*, it is not so clear that such would have been the result.

As to causes of action which survive, see *Chitty's Pleadings*, 68; and as to the form of action in cases where the causes of action are, as in this case, the creation of statutes, see *Chitty's Pleadings*, 106-8-9-12-15, and *Estes's Pleadings*, § 317. It seems that these actions were always brought in form, *ex contractu*, debt, or assumpsit, and not *ex delicto*, case, or trespass. While, therefore, it may be difficult to separate the idea of tort or wrong-doing from any act, or injury to the person, resulting in death, I am by no means sure that these claims for damages, given by statutes as damages or compensation for losses from a definite state of facts, and given by statute alone, are not for torts or wrongful acts in the true sense of the words, but debts, mere statutory liabilities, which are independent of any wrongful act of the defendant, and which therefore survive to the personal representatives for the general purposes of administration.

This question, as to whether a cause of action under a statute which gave damages for selling intoxicating liquor to an inebriate, survived to the personal representative, so far as the selling the

liquors caused injury to the person, was raised in a case of *Kilburn* v. *Coe*, 48 How. Pr., 147. The court held that the action survived as to injuries to property, and as that was enough for the purposes of the point before the court, the other question was not decided.

The complaint in this case must rest upon the claim made for the widow and family under Lord Campbell's act. §§ 2183–4. As I understand section 1087, the liability of the county for damages resulting from "defects in the repair of highways" is entirely independent of any "wrongful act, default, or neglect" of the county. The liability of the county is as absolute as that of an insurer. The imputation of wrong-doing cannot be made to the State, or to any of these legislative corporations established as a part of the government of the State, any more than formerly to the king, except as provided by the constitution or some act of the legislature. The claim is not based in these cases on negligence, as no amount of care will be a defence to the action, when it is simply shown that damages have been the result of "defect in the repair of a highway." If in these cases the claim is not based on negligence, it is difficult to see in what other form an ideal person like the defendant, the County of Barnwell, can be guilty of a wrongful act.

This construction has been given by our Supreme Court to section 1511, *General Statutes*, in reference to the liability of railroad companies for property destroyed by fire communicated by its engines, or originating within the limits of its right of way in consequence of the act of its agents. The court says that, "the company is liable * * * without any qualification whatever either as to negligence or otherwise." *Thompson* v. *R. R. Co.*, 24 S. C., 370. The same rule has been applied elsewhere under a similar statute to turnpike companies. *Yale* v. *Hampden, &c., Turnpike Co.*, 18 Pick., 357 ; and to towns, *Merrill* v. *Hampden*, 26 Me., 234 ; *Horton* v. *Ipswich*, 12 Cush., 488. If the county commissioners neglect to repair highways, they are liable under section 1088, *General Statutes*, to an indictment; this is a different thing from charging the county itself with negligence.

I have reached my conclusions in this case not without misgivings as to their soundness, but the result of my consideration

of the principles involved is that the liability of the county for damages resulting from "defects in the repair of a highway," does not arise from any negligence on the part of the county, or any other wrongful act, and therefore that the action which has been brought for the *benefit of the widow and family* of the deceased cannot be maintained, whatever right of action the administratrix may or may not have brought for the purpose of general administration. To allow an amendment would change the whole scope and purpose of this action, and therefore cannot be allowed.

It is therefore ordered and adjudged, that the demurrer to the complaint be sustained, and the complaint be dismissed with costs.

Plaintiff appealed on the following grounds:

I. Because his honor decides that the action given by the statute against a county to a person injured through a defect in a highway does not depend upon negligence, but is absolute and unconditional; and as actions for injuries resulting from negligence only, survive to the legal representative of a person dying from such injuries, the action in this case cannot be sustained.

II. That his honor, in holding that such actions can be maintained by the legal representative of one killed, only when to sustain such actions it is necessary to allege negligence as the ground of the action, gives a literal construction to the statute, which kills the spirit and defeats the intention of the law.

III. That his honor errs, as it is repectfully submitted, in holding "that the liability of the county for damages resulting from defects in the repairs of a highway does not arise from any negligence on the part of the county, or any other wrongful act," whereas the fact is, and his honor should have held, that but for the negligence, *or default*, of the county, defects in repair of highways would not and could not exist.

IV. That his honor errs, as it is respectfully submitted, in drawing any distinction between the different forms of action, or in holding as material the beneficiaries of the action, as set forth in the complaint; but if the facts alleged in the complaint are sufficient to sustain an action on the behalf of the plaintiff, administratrix, the demurrer should have been overruled.

V. That his honor errs, as it is respectfully submitted, in holding that an amendment to supply the defects in the complaint, if any exist, could not be allowed; the action is by the administratrix, the cause of action is the death of her intestate, caused by a defective highway, and in any form in which the action could be brought, the parties and the cause of action would be the same.

VI. That the said judgment and decision sustaining the demurrer and dismissing the complaint are otherwise contrary to law.

*Messrs. Robert Aldrich* and *C. C. Simms*, for appellant.

*Mr. John J. Maher*, contra.

July 13, 1888.      The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The single question in this case is, whether an action for damages will lie against a county in this State, under section 2183, General Statutes, by the administrator of a deceased party, who lost his life through a defect in a bridge under the control of the county commissioners, negligence being alleged in the complaint.

It is conceded that previous to the act of 1874, now section 1087, General Statutes, no such action could be maintained against a county, in fact no action for damages, for negligence, or otherwise, alleged to be the result of failure to repair highways, bridges, &c., inasmuch as counties and other municipal corporations, being governmental agencies, were not liable at common law, and in the absence of special statutory enactment. The act of 1874, section 1087, General Statutes, however, gave a right of action "against a county for damages sustained by any one, through a defect in the repair of a highway or bridge, the damages to be fixed by a jury : provided, if such defect existed before such injury occurred, such damages should not be recovered by the person injured if his load exceeded the ordinary weight." No doubt, had the deceased not been killed, he could have successfully maintained an action for his alleged injuries received here, under this section. But having been killed, his right of action died with him at common law, under the general principle of the common law in all such cases, to wit, that personal *ex delicto* actions die with the person.

But, admitting this rule, it is yet contended that the action below was maintainable under section 2183 of General Statutes, the act generally known as Lord Campbell's act. This act was passed in 1859, years before the act of 1874 (section 1087), *supra.* It is broad and general in its terms, and provides "that whenever the death of a person shall be caused by the wrongful act, neglect, or default òf *another*, and the act is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person or corporation who would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, although the death shall have been caused under such circumstances as to make the killing in law a felony."

This act, as we have said above, was passed in this State years before the act of 1874 (section 1087, General Statutes); and while, in its broad and general terms, it gave a right of action to the representatives of deceased parties, killed by the wrongful act, neglect, or default of another, for the benefit of the surviving wife, husband, or children, sufficiently comprehensive to embrace all cases where, if death had not ensued, they would have been actionable at common law by the party injured; and while, in fact, it amended the common law, in so far as personal actions *ex delicto* dying with the person was involved, to the extent of allowing such actions to survive for the benefit of the surviving family, to the end of recovering damages proportioned to the injury sustained; yet certainly the general assembly could have had no express intention to embrace within its provisions cases arising under section 1087, General Statutes, which, as we have said, was passed long after section 2183, this being the act of 1859, and section 1087 that of 1874.

But notwithstanding this, can section 2183, by the application of any proper rule of construction, be made to evolve an intent on the part of the general assembly, not only to amend the common law in the respect suggested, and in reference to common law actions, but also to embrace new rights to be subsequently created by statute, if any? Certainly the general assembly might, if it had so desired, have incorporated in section 1087 in express

terms the provisions of Lord Campbell's act (section 2183), but not having done so, is not that significant of the fact that there was no intention that it should apply ? In construing an act of the general assembly as to its application, the evil to be remedied is one of the main matters to be considered. The evil here at the passage of the act of 1859 (section 2183) was, that personal actions, *ex delicto*, at common law died with the person. This was regarded as a great hardship on the surviving family, especially the widow and minor children, and so many disasters occurring upon railroads and other new agencies, touching the pecuniary interests and welfare of such survivors, it was thought wise in 1859 to enact here said Lord Campbell's act, repealing and amending the common law, by giving a right of action in all common law cases of injury resulting from wrongful acts, neglect, or defaults, to the surviving family of a deceased, where, if he had lived, an action could have been maintained by him.

But, as we have already said above, a county in this State could not, nor can it now, be sued at common law for such injuries. The right of action exists only in statute (section 1087), which, when strictly construed and by its own terms, extends only to the party injured. In addition to this, section 1087 gives the right of action granted, upon a defect in the repair of the highways, bridge, &c., &c., whether said defect has been the result of a wrongful act, neglect, or default of the county commissioners or not ; while section 2183 confines the right of action therein granted, to injuries resulting from the wrongful acts, neglects, or defaults of the party causing the injury. So it is manifest that, at least in some cases, where the county would be liable under section 1087 to suit for defects, not resulting from wrongful acts or neglect, the right of action could not survive. The plaintiff has recognized this distinction and difficulty, and to meet it has alleged negligence. But the right of action given against the county by section 1087 is not based on negligence, it is given independent of negligence. It is based on a defect in the repair of a highway, causeway, or bridge, and a consequent injury, and upon such injuries occurring *on account of the defect*, it attaches to the fact of the defect, regardless of the cause thereof.

The question of the party injured contributing to his injury is not involved here.

It is true that section 1087 in its terms, giving, as it does, a right of action for injuries resulting from defects in a highway, whether said defects have been caused by the wrongful act or neglect of the county or not, embraces cases of defects caused by such wrongful act and neglect as well as those not so caused, but the negligence is not the gist of the action. The defect is the gist. Whereas the actions under section 2183, given to the survivors of deceased parties are based entirely upon the wrongful act, neglect, or default of the party causing the injury. And such actions will fail, unless the evidence shows the negligence alleged, negligence in such cases being the gist. It thus appears that the cause of action in the two classes of cases is entirely different, and therefore they cannot be properly construed as supplementing each other, but each must be confined to the class to which in its terms it is made applicable—section 1087 giving a statutory right of action in certain cases against a county to an injured party, where at common law he had no such right, and section 2183 extending a common law right of action, where it existed before, only on the party injured, to the survivors of said party in certain cases. We think the presiding judge was right in sustaining the demurrer.

The action below was brought under section 2183, for the benefit of the widow and family of the deceased. The complaint shows this, and we think his honor was right in not allowing an amendment, so as to raise the question whether an action could be maintained for general administration, as this would have changed, as his honor said, the whole scope and purpose of the action.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.