9087

McLENDON, AS ADMR., ETC., v. CITY OF COLUMBIA.

(85 S. E. 234.)

DEATH BY WRONGFUL ACT. ACTIONS. MUNICIPAL CORPORATIONS. ABATEMENT AND SURVIVAL OF ACTIONS. STATUTES. EVIDENCE.

1. DEATH BY WRONGFUL ACT—ACTIONS—MUNICIPAL CORPORATIONS.— Under Civil Code 1912, secs. 1974 and 3053, a municipal corporation is liable for damages arising from injuries and death caused by a defect in, or failure to repair, a highway, due to the neglect or mismanagement of such corporation, to be recovered as provided in Lord Campbell's Act, Civil Code, sec. 3955.

2. STATUTES—EVIDENCE.—The printed statutes published by authority are *prima facie* evidence of the printed law.

2a. STATUTES—CONSTRUCTION—REFERENCES TO OTHER STATUTES.—Since the references to sections 1475 and 2280 and chapter 93 (secs. 3964-4015) in Civ. Code 1912, sec. 1974, providing for the survival of an action for injury and death through a defect in a street or bridge, are to matters entirely foreign to the subject of the enactment and are obviously erroneously inserted, the section is to be read as though such references were not included therein.

3. ABATEMENT AND SURVIVAL OF ACTIONS.—Under Civil Code, sec. 3963, causes of action for injuries to the person survive to the personal representative.

Before HON. C. J. RAMAGE, special Judge, Columbia, October, 1914. Affirmed.

Action by Millen H. McLendon, as administrator of the estate of Annie C. McLendon, against City of Columbia. From orders overruling demurrer to complaint and objection to jurisdiction, the defendant appeals.

The demurrer was as follows:

Upon the ground that it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action.

1. Because it appears upon the face of the complaint that the action is brought by the administrator of the deceased against a municipal corporation to recover damages resulting from the death for the benefit of the husband of the deceased, whereas, it is respectfully submitted, that no such action is allowed under the statute laws of the State of South Carolina, nor can such an action be maintained against a municipality under the common law, as applied in the Courts of this State.

2. Because it appears upon the face of the complaint that the action is one to enforce a cause of action against a municipal corporation for the benefit of a certain beneficiary for damages resulting from the death of plaintiff's intestate, whereas, it is respectfully submitted, that there is no such action given by the statute laws of the State of South Carolina, nor by the common law, as applied in the Courts of this State.

3. Because it appears upon the face of the complaint that the cause of action sought to be enforced is against a municipal corporation, and it further appears upon the face of said complaint that the death of plaintiff's intestate was immediate, and whereas, it is respectfully submitted, that the only cause of action permitted in this State against a municipal

4—101

corporation for the death of a person injured is a survival action, and it clearly appears upon the face of the complaint that the action here sought to be enforced is not a survival action, but is a new action for the benefit of the husband of the deceased.

4. Because it appears upon the face of the complaint that the cause of action sought to be enforced is not a survival action, and, even, if so construed, it cannot be maintained because it appears upon the face of the complaint that the death of plaintiff's intestate was immediate, therefore, plaintiff's intestate while living had no cause of action and none could not or did survive.

Upon hearing the demurrer the Judge filed the following order:

"The defendant demurred to the complaint in the above entitled cause on the grounds that it did not state facts sufficient to constitute a cause of action in the particulars set forth in the notice of demurrer on file.

After hearing C. S. Monteith, Esq., in support of the demurrer, and the attorneys for plaintiff *contra*, I have reached the conclusion that the grounds are not well founded. I am of the opinion that section 1974 of the Code of 1912, volume I, in connection with section 3053 of said Code, embraces an action of the kind alleged in the complaint. The terms of section 1974 are comprehensive, and I think embrace an action for immediate death as well as one in which the injured person may die after the lapse of an interval. This section expressly provides that the remedy shall be pursued in the manner described in the Lord Campbell's Act, all of the terms of which are made applicable to such a case. It was expressly admitted by counsel for defendant in argument before me that reference to sections 1475, 2282 and chapter XCIII, volume I, appearing in section 1974 of the Code were clerical errors and the section in question should be construed as if referring to sections 1972, 3053 and chapter XCII.

It is, therefore, ordered that the demurrer be, and the same hereby is, overruled."

The case was called for trial on October 20, 1914—the plaintiff announced ready for trial, and defendant stated that notice of appeal from order overruling demurrer had been given and objected to going to trial, and defendant also interposed an objection to the jurisdiction of the Court to try the case upon grounds, which were as follows:

"The defendant objects to the jurisdiction of the Court to try this case and moves to dismiss the same upon the ground that the Court has no jurisdiction of the subject matter for the reason that Code of Laws of 1912, volume I, section 1974, provides for the survival of causes of action arising under sections 1475 and 2282 of the Code of 1912, volume I, and neither of said sections provide for any cause of action against a municipality or give any rights against same whatsoever, nor does chapter XCIII of the Code of 1912 give personal representative of a deceased person any right of action whatever."

The Circuit Judge thereupon made the following order:
Upon the call of this case for trial on Tuesday, October 20, 1914, the defendant interposed an objection to the jurisdiction of the subject matter, for the reason that the Code of Laws of 1912, volume I, section 1974, provides for the survival of causes of action arising under sections 1475 and 2282 of the Code of 1912, volume I, and neither of said sections provide for any cause of action against a municipality or give any rights against same whatsoever, nor does chapter XCIII of the Code of 1912 give the personal representative of a deceased person any right of action whatever.

After hearing argument for and against the motion, I decided to and did overrule the same.

*Messrs. C. S. Monteith* and *W. H. Cobb,* for appellant, submit: *Civil Code, sec. 1974, is defective in referring to irrelevant sections of Code, and this defect cannot be sup-*

*plied by judicial construction:* 99 S. C. 213; 96 S. C. 484; 13 S. C. 46; 72 S. C. 532; 62 S. C. 57; Cooley, Const. Lim., p. 71. *Evidence aliundi to show the printed statutes incorrect:* 39 S. C. 307. *Effect of codification on existing law:* 75 S. C. 560; 96 S. C. 313. *No estoppel against questioning jurisdiction of the subject matter:* 74 S. C. 70; 28 S. C. 313; 25 S. C. 387; 19 S. C. 218; 70 S. C. 288; 66 S. C. 328; 80 S. C. 484; 61 S. C. 114; 24 S. C. 392; 22 S. C. 276; 53 S. C. 198; 79 S. C. 316; 75 S. C. 560. *There was no liability at common law:* 43 S. C. 398. *Nor under original statute making counties liable for personal injuries:* 29 S. C. 161; Tiffany on Death by Wrongful Act (2d ed.), sec. 77. *Act of 1903 provides for a mere survival and gives no new action:* 60 S. C. 401; Tiffany on Death, etc., sec. 74; 37 S. C. 42. *Proviso in statute can not be extended:* 78 S. C. 42. *Measure of damages:* 29 S. C. 303; 13 Cyc. 373, 375; 227 U. S. 59; 76 S. C. 183; 2 Sedgewick on Damages (9th ed.), sec. 578; 97 S. C. 27.

*Messrs. Edward L. Craig* and *Melton & Belser,* for respondent, submit: *There is no objection to jurisdiction:* 17 A. & E. Enc. of L. (2d ed.) 1041. *Civil Code, sec. 1974, as passed was correct; references therein mere work of printer: sec. 1974 gives right of action:* 37 S. C. 42; 66 S. C. 47.

May 3, 1915.

The opinion of the Court was delivered by Mr. Justice Gage.

The appeal is from two orders of the Circuit Court.

The administration of justice would have been promoted had the appellant abided a final judgment on the merits; for then, all the issues now made, and others which may be hereafter made, could be settled by one appeal, and no party have suffered.

The plaintiff sues the City of Columbia for the instant death of his wife, under his overturned automobile upon a defective highway of the city.

To a complaint, which alleged the wrong, the defendant demurred. The demurrer will be reported, as will the order made thereon.

The cause proceeded immediately to trial, but thereto the defendant "objected to the jurisdiction of the Court upon the ground that the Court had no jurisdiction of the subject matter." The grounds of objection and the order made thereon and denying the motion will also be reported.

There was a mistrial and the appeal here as above stated, is from the two orders made by the Court.

History: The plaintiff, in company with his wife, was driving his automobile along main street in the city of Columbia towards the south; at or near the intersection of Main and Whaley streets a small stream crosses Main street obliquely, and over the stream there was flung a narrow cement bridge; the plaintiff has just crossed over the bridge, and his machine went into a side ditch on the right, turned turtle upon and immediately killed the wife. Therefor, the plaintiff sued as the administrator of his wife's estate.

The right to sue for the alleged wrong is referable to many statutes of the State, and a decision of the cause requires a detailed and it may be a fatiguing consideration of the statutes and the decisions about them.

By the act of 1892 (21 Stat. 91, Code of Laws 1912, vol. I, sec. 3053) a city was made liable for injuries to persons which resulted from a defect in a bridge or a street.

By the act of 1903 (24 Stat. 67, Civil Code of Laws 1912, section *1974*) if death resulted from such an injury, then the action was made to survive to the personal representative of the person so killed.

By the statute of 1903 the action was to be enforced as by the provisions of Lord Campbell's Act.

By the act of 1892 and its amendment of 1895 (21 Stat. 18, 24 Stat. 945, Civil Code 1912, sec. 3963) a cause of action for an injury to the person of the deceased, in this case Annie C. McLendon, survived to the personal repre-

sentative of such person, in this case the plaintiff, her husband.

This is the statute law, and all of it by which the rights and remedies of the plaintiff are prescribed.

The defendant has made two exceptions, one about the order overruling the demurrer, and that he has subdivided into four parts; and one about the order overruling the plea to jurisdiction of the subject matter.

Thereby the appellant makes only two questions; he contends: (1) That section 1974, vol. I of the Code of Laws of 1912, is the sole warrant for the action, and its words do not sustain the action.

(2) That section 3963, vol. I of the Code of Laws 1912, governs the case; and by it the plaintiff has only that cause of action which Annie C. McLendon would have had had she lingered and not died immediately, which the appellant calls a survival action, and on it the plaintiff has not sued.

The confusion in the case arises out of the enactment of amendments to three capital statutes; so that the whole collected body of the law thereabout is not so in harmony as it would have been had it been embraced at the outstart in one act.

The three capital enactments are: (1) Lord Campbell's Act, 1859 (12 Stats. 825, Civil Code 1912, sec. 3955); (2) the act to allow remedies to and against the representatives of deceased persons for injuries to land, 1892 (21 Stats. 18, Civil Code 1912, sec. 3962); (3) the act to make municipal corporations liable to persons who receive bodily hurt on its streets through defects therein, 1892 (21 Stats. 91, Civil Code 1912, sec. 3053).

Into each of these statutes, unrelated at the start, amendments have been thrust, in different years and for different purposes, so that each is now somewhat related to the other, and the relation is apparently hostile.

The third of these statutes, enacted in 1892, is that which created the primary right in the citizen and the correspond-

ing wrong of the municipality, and we shall hereinafter refer to it as the act of primary right.

By it the citizen might ride on smooth highways unhurt, and by it, for defective highways the consequence of municipal negligence which cause hurt to the citizen, the municipality is made liable.

The statute, however, gave a right of action only to a person who received bodily injury; *it* did not give a right of action to anybody in the event the person so injured died; and unless some other statute supplied that right *it* did not exist, for the wrong was esteemed to die with the person.

At that time (1892), and at the time of the transaction here (in 1913), Lord Campbell's Act was of force. The language of that act is sufficiently comprehensive to permit the plaintiff to maintain this new action.

The statute (Civil Code 1912, sec. 3053), which gives the primary right to the plaintiff, is not the same as that which was construed in *All* v. *Barnwell, 29* S. C. 161, 7 S. E. 58.

By Lord Campbell's Act (Civil Code 1912, sec. 3955), and by the act of primary right, the right of action is made to depend on negligence; not so with the act construed at 29 S. C. 161, 7 S. E. 58.

But if Lord Campbell's Act (Civil Code 1912, sec. 3955) did not comprehend this case, the act of 1903 (24 Stat. 67, Civil Code 1912, sec. 1974) did so expressly.

That statute was an amendment of the act of primary right. That statute was passed to change the rule announced in *All* v. *Barnwell.* It had not then nor since been held that Lord Campbell's Act did not embrace a case arising under the act of primary right.

But the appellant stoutly contends that Lord Campbell's Act cannot govern the case, though the General Assembly has so ordained by the act of 1903. The argument is (1) that Lord Campbell's Act creates a new action in him who sues for the death (Civil Code 1912, section 3955, and *Ex parte Mayo, 60* S. C. 401, 38 S. E. 634), while the act here

which gives the primary right only provides that the right of action (a) for the injury *and* (b) for the death, shall *survive* to the personal representative; and (2) that Lord Campbell's Act permits the jury to award punitive damages, while the act which gives the primary right here limits the recovery to actual damages.

It is true the act of primary right declares that the right of action shall "survive," but the whole statute, especially that part which makes applicable Lord Campbell's Act, makes it plain that for the death of the person, certain other persons might sue and recover damages sustained by them.

In the instant case there could literally be no *survival* of *action,* for the woman instantly killed had no action. We must look to the plain purposes of the whole statute rather than to strict verbal construction of particular words of it. The action here sued on is a new action, and the plaintiff has so esteemed it; he has sought to "enforce" his primary right by the procedure laid down in Lord Campbell's Act, which is applicable to such actions.

And that brings us to the issue stated just above as (2).

It is true Lord Campbell's Act allows punitive damages. That was foreign matter thrust in 1901 into the act of 1859, and to change the rule announced in 1898 in *Garrick* v. *R. R.,* 53 S. C. 449, 31 S. E. 334.

And inasmuch as the allowance of punitive damages was one of the "provisions" of Lord Campbell's Act in 1903, when it was made "applicable" to the act of primary right, it is plain that such "provision" about punitive damages alters and amends the act of primary right wherein only actual damages were allowable.

In the case at bar, however, there is no demand for punitive damages; it is not alleged that the act of the municipality was wilful.

But the appellant yet contends that the statute of 1903, that which amended the act of primary right and makes "applicable" to the case Lord Campbell's Act, is not *now* a

part of the statute law of the State, and that because it is not written *in totidem verbis* in the codification of 1912, at section 1974.

That is the contention stated as (1) in the outstart of this opinion, when reference was made to the exceptions.

It is true that section 1974 of the Code of 1912 does not contain all the words of the act of amendment of 1903. The act of amendment did not recite and repeat the primary act or Lord Campbell's Act; it invokes those statutes by reference to them as numbered parts of· the codification of 1902, and the numbered parts are pertinent.

But the codification of 1912, when it invokes the same two statutes—Lord Campbell's Act and the primary act—by section and chapter of that Code itself, renders to sections and chapters which contain matter foreign to the subject.

The appellant's contention is that the section must mean that which it declares, and if that meaning is not true, then its true meaning cannot be supplied *aliunde.*

But so far as the section and chapter therein referred to are concerned, to wit, sections 1475 and 2280, and chapter XCIII, the reference means nothing, and the section may, therefore, be read without the reference.    Plainly, the insertion of the numerals 1475 and 2280 and the character XCIII, is a bull.

There is no need to enquire how it happened.    The sense would· be the same had blank spaces been put in the place of the numerals and character.    It will not be contended on any hand that the General Assembly *intended* to make the references which appear in the section.    If, therefore, section 1974 (Code of 1912) be read with the foreign matter eliminated, it will stand thus :

"Whenever the death of any person shall be caused by any injury through a defect in or failure to repair a highway, causeway, public way, street or bridge, under such circumstances and conditions as would have entitled the party

to recover damages if death had not ensued, then in every such case the right of action for such injury and death shall survive to and may be enforced by the personal representative of such person in the same manner as is now provided by this Code."

The Code of 1912 provides at section 3053 and chapter XCII a congruous right and remedy for the death of such person by such instrumentality.

We think, therefore, that the plaintiff has a plain right of action without any reference to how the blunder in section 1974 occurred.

The parol testimony offered to show how it did occur was irrelevant, as well as incompetent.

The best evidence before us of what is the statute law on the subject, is the printed volume; there is none other evidence at hand, and it contains all the law neces sary to sustain the action. Finally, the appellan cites yet another statute to sustain his contention that the cause of action set up in the complaint is not a new action, but an old action made to survive her in whom it first inhered. That is the act of 1905 (24 Stats. 945), embodied in the Code of 1912 at section 3963. That statute is but an amendment thrust into the act of 1892 (21 Stats. 18).

The act of 1892 had reference only to trespassers upon real estate, and it provided that wrongs thereon should survive to or against the owner or the trespasser as the case might be.

The amendment of 1905 included "any and all injuries to the person."

The statute as amended is discussed in *Bennett* v. *Ry.* 97 S. C. 28, 81 S. E. 189, and thereunder, if the deceased here had suffered before her dath, the personal representative might have sued by a survival action therefor, and then sued by a new action for her death.

Thus we have considered and decided all the real issues made, not by name, but in essence, and our conclusion is, that the orders of the Circuit Court be affirmed; it is so ordered.