### 12201

### SCOTT v. TOWN OF BROOKLAND *ET. AL.*

#### (138 S. E., 32)

STATUTES—STATUTE AFFECTING STATE HIGHWAY DEPARTMENT'S LIABILITY FOR INJURIES FROM DEFECTIVE HIGHWAYS HELD TO RELATE TO BUT ONE SUBJECT, EXPRESSED IN ITS TITLE (ACT APRIL 14, 1925 [34 ST. AT LARGE, P. 287]; CONST. ART. 3, § 17).—Act April 14, 1925 (34 St. at Large, p. 287), entitled, "An Act to amend Section 2948 of the Civil Code of Laws, volume 3, relating to damages from defective highways, so as to further provide for the payment of damages or injury sustained upon the highways of the State," in so far as it affects liability of State highway department for injuries from defects in highway, *held* not unconstitutional as violative of Const. Art. 3, § 17, requiring every act to relate to but one subject expressed in its title.

Before SHIPP, J., Lexington, March, 1925. Reversed.

Action by John L. Scott against the Town of Brookland and the State Highway Department of South Carolina. From a judgment dismissing the complaint as to the second named defendant, plaintiff appeals. Reversed.

*Messrs. Cooper & Winter,* and *Efird & Carroll,* for appellant, cite: *State Highway Department liable for damages:* 34 Stat., 287. *Purpose:* Art. 3, Sec. 17, Const. 1895; 54 S. E., 608. *To be declared unconstitutional; invalidity of Statute must be shown beyond a reasonable doubt:* 135 S. E., 62; 129 S. C., 171; 87 S. E., 423; 74 S. C., 449; 89 S. C., 117; 81 S. E., 333.

*Messrs. John M. Daniel, Attorney General* and *Cordie Page, Assistant Attorney General,* for respondents, cite: *Suit against agency of the State is suit against the State:* 25 S. C., 417; 20 S. C., 286; Id., 217; 79 S. C., 316; 68 S. C., 411; 140 U. S., 20; 43 S. C., 154; 77 S. C., 12; 128 N. C. 12; 53 L. R. A., 855. 34 Stat., 287 shows *no intention to make State liable:* 124 S. C., 483; 51 S. C., 249; 29 S. C., 161; 80 S. C., 127; 16 S. C., 56.

May 4, 1927.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

"The above-styled action was commenced by the service of a summons and complaint upon the defendants named, in which action plaintiff seeks to recover damages for injuries sustained on account of alleged defects in the public highway leading through the town of New Brookland, which highway plaintiff alleges is under the control of the State Highway Department, whose duty plaintiff alleges it was and is to keep same in proper repair and condition. The said highway department was made a party to this action and damages sought against said highway department as set forth in complaint by virtue of Act No. 189 of Acts of the General Assembly of South Carolina, approved April 14, 1925.

"Upon the call of the above-stated case for trial, the defendant, State Highway Department of South Carolina, demurred orally to the complaint upon the grounds set out in the notice of demurrer duly served, and, after hearing

counsel for the State Highway Department and counsel for the plaintiff, Hon. S. W. G. Shipp, presiding Judge, dismissed the complaint in this action, as to the defendant, State Highway Department of South Carolina, upon the ground that the Act of the General Assembly herein set out is unconstitutional for the reasons set out in his order."

The exceptions raise this sole question:

"Is the Act in question in violation of Article 3, § 17 of the Constitution of 1895, in that the title is not broad enough to cover the subjects treated in the body of the act?"

"In the year 1924 the Legislature of this State passed an Act, designated as Act No. 731 of the Acts of 1924, found at page 1193, by virtue of which there was created and established a Statewide connected system of hardsurface, topsoil, and other dependable types of public roads, to be constructed by the State of South Carolina and ever after maintained as State highways and to be known as the State Highway System. The roads included in the said State Highway System were designated in the Act, and from the date of approval thereof became a part of such system, and the various counties in which they were located were thereby relieved of all duty of repairing and maintaining them, and hence the various counties were relieved of all liability for damages sustained in consequence of any defect in or negligent repair thereof. In fact, the counties were not liable nor was the State Highway Department liable until the passage in 1925 of the Act in question in the case at bar, and during that interim the citizens of South Carolina had no right of action for the recovery of any injury or damage."

In the case of *McKiever v. City of Sumter,* 137 S. C., 266; 135 S. E., 63, Mr. Justice Stabler, as the organ of the Court, said:

"This Court has repeatedly held, in line with general authority, that, in order to declare a Statute unconstitu-

tional, its invalidity should be shown beyond a reasonable doubt, and that every presumption must be indulged in favor of the constitutionality of the Act. * · * * ·.    · '    .

"The mandate of the Constitution is complied with if the. title states ·the general subject of legislation, and the. provisions in the body of the Act are germane thereto as· means to accomplish the objects ·expressed in the title. * * * Hence, when a question, under this ·clause, of the Constitution, is presented for adjudication, we are bound· to take a liberal and enlarged view."

In the *McKiever Case* the Court went into a lengthy and able discussion of this question, citing numerous authorities, and· declared the Act·involved in that particular case to be constitutional. *Poulnot v. Cantwell,* 129 S. C:, 171; 123 S. E., 653. *Lillard v. Melton,* 103 S. C., 10; 87 S. E., 423. *State v. O'Day,* 74 S. C., 449; 54 S. E., 607. *Verner v. Muller,* 89 S. C., 117; 71 S. E., 654. *Merchants' & Planters' Bank v. Brigman,* 106 S. C., 362; 91 S. E., 333; L. R. A., 1917E, 925. *Hopkins v. Clemson College,* 221 U. S., 636; 31 S. Ct., 654; 55 L. Ed., 890; 35 L. R. A. (N. S.), 243. *Faust v. Richland County,* 117 S. C., 251; 109 S. E., 151.

To take Judge Shipp's view would eliminate entirely any liability where a person was injured through any defect in · the highway, which was not the intention of the Act.

The exceptions are sustained and judgment reversed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER, and· CARTER, concur.