## 12303

## DRAFTS v. STATE HIGHWAY DEPARTMENT

### (140 S. E., 468)

1. STATUTES—STATUTE AFFECTING STATE HIGHWAY DEPARTMENT'S LIABILITY FOR INJURIES FROM DEFECTIVE HIGHWAYS HELD TO RELATE TO BUT ONE SUBJECT, EXPRESSED IN ITS TITLE (ACT APRIL 14, 1925 [34 ST. AT LARGE, P. 287]; CONST. ART. 3, § 17).—Act April 14, 1925 (34 St. at Large, p. 287), entitled "An Act to amend Section 2948 of the Civil Code of Laws, Vol. 3, relating to damages from defective highways, so as to further provide for the payment of damage or injury sustained upon the highways of the State," in so far as it affects liability of State Highway Department for injuries from defects in highway, *held* not unconstitutional as violative of Const., Art. 3, § 17, requiring every act to relate to but one subject expressed in its title.

2. DEATH—CAUSE OF ACTION FOR INJURIES SURVIVES DEATH OF PERSON INJURED.—Cause of action against State Highway Department for injuries from collision with automobile belonging to and under the supervision of that department survives death of person injured under statute.

Before SHIPP, J., Lexington, March, 1926.   Reversed.

Action by Louvinia Drafts, administratrix of the estate of Thomas I. Drafts, deceased, against the State Highway Department of South Carolina, to recover for injuries resulting in the death of plaintiff's decedent, caused by a collision with an automobile alleged to be under the control and supervision of defendant herein.   From judgment on demurrer for defendant, plaintiff appeals.

The following is the order of Judge Shipp sustaining the demurrer:

This is an action under the provisions of an Act entitled "An Act to amend Section 2948 of the Civil Code of Laws, Vol. 3, relating to damages from defective highways, so as to further provide for the payment of damage or injury sustained upon highways of the State," approved the 14th day of April, A. D. 1925 (34 St. at Large, p. 287), for damages for the death of plaintiff's intestate, alleged to have been caused by a collision of an automobile belonging to and under the supervision of the defendant State Highway Department.

The matter now comes before me upon a demurrer to the complaint filed by the defendant.   There are five grounds set forth in the demurrer, but there are only three prime questions raised thereby.

First, is the act, under which the complaint is brought, unconstitutional for the reason that it is violative of Section 17, Art. 3, of the Constitution?

Second, assuming the act to be constitutional, does it give a cause of action for an injury sustained by reason of a collision with an automobile belonging to and under the supervision of the State Highway Department?

And third, assuming the act to be constitutional, does it give a cause of action to the plaintiff against the defendant, a department of the state government, for the death of plaintiff's intestate?

The section of the Constitution invoked by the demurrer reads as follows: "Every act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title." Section 2948 of the Code, before the Act of 1925, above mentioned, made no reference to and imposed no liability on the defendant, or any other department of the state government. In fact, the sole purpose of the section, as it originally stood, was to give a right of action against the county for injury or damage resulting from defects in or the negligent repair of highways. The section, as amended, if the act amending it is valid, transfers certain of the liabilities imposed on the county by said section to the state and creates additional liabilities for which the state is made responsible.

Thus it will be seen the act deals with two distinct subjects, the release of the county from liability and the fixing of liability on the state, neither of which subjects is directly mentioned in the title thereof. So far as the state's interests are concerned, the essential objection to the act is that it affects the sovereignty of the state, it waives immunity from suit. This must be taken as its prime object, if this suit is to be maintained. If so, the subject of the enactment is the making of the state liable in damages for the matters stated therein; and this subject is not expressed in the title. It isn't the happening of the circumstances mentioned in the act that is the vital point at issue, but it is the giving of the right of action to an individual, which did not exist before against the state, and the waiving of the state's immunity from suit. So important a subject should have been expressed in the title of the act, and the failure to do so renders the same unconstitutional.

It is a fixed principle of law that a suit against one of the departments or government agencies of the state is, in effect, a suit against the state. It is also well settled that no suit can be maintained against the state in its sovereign capacity, except with expressed legislative or constitutional sanction, and in the manner provided therein. Certainly, the Constitution of the state does not give the right of action here sought to be maintained; and if there is sanction therefor it must be found in the statute. I know of none such. The act in question seems to be the only legislation relating to the subject, clearly does not give the right. *All v. Barnwell,* 29 S. C., 166; 7 S. E., 58. In my opinion the demurrer should be sustained and the complaint dismissed. It is so ordered.

*Messrs. Martin & Sturkie,* and *E. L. Asbill,* for appellants, cite: *Act No. 189 of General Assembly, 1925, to amend Sec. 2948 Code is constitutional:* 139 S. C., 321. *This action survives:* 101 S. C., 48; Sec. 375, Code Proc.; 59 S. C., 577; Sec. 2950, Code. *Contra holding in 29 S. C., 161, overruled:* 101 S. C., 48.

*Messrs. John M. Daniel, Cordie Page* and *Timmerman & Graham,* for respondent, cite: *Cases distinguished:* 135 S. E., 62. *Act No. 189, General Assembly, 1925, does not state the general subject of legislation sought to be accomplished by the body of the Act:* 116 S. C., 196. *Court cannot restate the language of an Act to make it agree to some possible conclusion as to its intention; bound by language used:* 113 S. C., 101; 103 S. C., 23; 99 S. C., 220; 62 S. C., 57; 13 S. C., 46; 111 S. C., 18. *Controlling in case at bar:* 29 S. C., 166; 40 S. C., 344. *Cases distinguished:* 101 S. C., 55.

October 31, 1927.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

This is an action by Louvinia Drafts, as administratrix of the estate of Thomas I. Drafts, deceased, against the State Highway Department of South Carolina. The defendant interposed a demurrer which was sustained by his Honor S. W. G. Shipp at the March term of Court, 1926, at Lexington, S. C. Notice of appeal was duly and timely served.

There are eight exceptions, and the judgment must be reversed under the recent case of *Scott v. Town of Brookland and State Highway Department of South Carolina,* 139 S. C., 321; 138 S. E., 32. The action survives under Code of Laws and *McLendon v. City of Columbia,* 101 S. C., 48; 85 S. E., 234; 5 A. L. R., 990.

Judgment reversed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER, and CARTER concur.

### On Petition for Rehearing

*Per curiam.* Rehearing denied. Petition dismissed.

MR. JUSTICE COTHRAN (concurring in dismissal of petition) : In his order sustaining the demurrer to the complaint, his Honor, Judge Shipp, passed upon only one point: That the Act of 1925 (34 Stat. 287), was unconstitutional as violative of Const. Art. 3, §17, which provides:

"Every act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title."

His ruling was the same in the case at bar as in the case of *Scott v. Brookland,* 139 S. C., 321; 138 S. E., 32, which was overruled by this Court.

The other questions raised in the petition for a rehearing were not passed upon by Judge Shipp and were not properly before this Court upon the appeal; they are still open if the defendant should hereafter wish to have them presented.

MESSRS. JUSTICES BLEASE and CARTER concur.