12650

### RANDAL v. STATE HIGHWAY DEPARTMENT

(148 S. E., 57)

"From the concluding allegation of paragraph 3 of the complaint it appears that *plaintiff's intestate was instantly killed*, and the demurrer fairly raises the following questions:

"1. Does Act No. 189 of the Acts of 1925, amending Section 2948, Volume 3, Code of 1922, imposing liability upon the State Highway Department for the *death* of a person 'through a defect or negligent repair of any road, causeway, ferry or bridge under the control and supervision of the State Highway Department of South Carolina,' or is the liability created by such act restricted to *'injury or damage to person or property?'*

"2. Is any liability imposed upon the State Highway Department for its failure to furnish its employees a *reasonably safe place in which to work?*

"3. Is the State Highway Department responsible for the negligence of one of its employees resulting in the *death* of another of its employees?

"In this State neither the commonwealth, nor any of its political subdivisions, is liable in action *ex delicto* unless made liable by express enactments of the General Assembly, except where the acts complained of, in effect, constituted a taking of private property for public use without just compensation. *Young v. City Council of Charleston,* 20 S. C., 116, 47 Am. Rep., 827; *Mullinax v. Hambright,* 115 S. C., 22, 104 S. E., 309; *Faust v. Richland County,* 117 S. C., 251, 109 S. E., 151; *Derrick v. Columbia,* 122 S. C., 29, 114 S. E., 857; *Kneece v. Columbia,* 128 S. C., 375, 123 S. E., 100.

"It is equally as well settled that a right of action for wrongful *death* did not exist at common law, and that *Lord Campbell's Act* (Sections 367-369, Volume 1, Code of 1922) *created a new right of action and not a mere revival.* In *re Mayo's Estate,* 60 S. E., 401, 38 S. E., 634, 54 L. R. A., 660; *Berger v. Electric Co.,* 93 S. C., 372, 76 S. E., 1096; *Bennett v. Railway, Gas & Electric Co.,* 97 S. C., 27, 81 S. E., 189; *Rish v. S. A. L. Railway Co.,* 106 S. C., 143, 90 S. E., 704.

"Even when death did not result 'personal actions *ex delicto,* at common law, died with the person.' *All v. Barnwell County,* 29 S. C., 161, 7 S. E., 58; *Bennett v. Railway, Gas & Electric Co., supra.* See 1 Corpus Juris, § 339, p. 184, and the South Carolina cases cited thereunder on page 185.

"No right of action against the State's political subdivisions for *injuries to the person or property* (as distinguished from *death*), occasioned by defects in highways and streets, existed in this jurisdiction until the passage of the statutes now embraced in Sections 2948 and 4478, Vol. 3, Code of 1922. *All v. Barnwell County, supra; Foster v. City of Union,* 129 S. C., 257, 123 S. E., 839; *Sirrine v. State,* 132 S. C., 241, 128 S. E., 172; 25 R. C. L., 407. And no effort was ever made to impose a general liability upon the *State* for injuries to person or property in such cases until the passage of the Act of 1925.

"But the Act of 1874, now Section 2948 of the Code, imposing liability upon *Counties* in such instances in favor of 'Any person who shall receive *bodily injury* or damage *in his person* or property,' *did not authorize an action against the county for the death of a person* occasioned by a defective highway. *All v. Barnwell County,* 29 S. C., 161, 7 S. E., 58, where the Court recognized and in effect declared that 'death' is entirely different from 'bodily injury' or 'injury to the person.' And in the case last cited it was expressly held that such Act (now Section 2948 of the Code) did not create a liability for *death* although it was pointed out in that decision that *Lord Campbell's Act,* authorizing an action for wrongful death generally, *had been enacted in this State in*

*1859,* 15 years before the passage of what is now Section 2948.

"As a result of this decision, though not until 1903, the statute now embraced in Section 2950, Vol. 3, Code of 1922, was passed for the purpose of imposing liability in such cases upon (1) *counties* and (2) *municipalities* when *death* resulted, the Act specifically referred to Sections 1347 and 2023 of the Code of 1902, which Sections, under the decision in *All v. Barnwell County, supra,* did not impose liability for *death,* but merely for *injury.*

"Since no effort was made to create a liability of any kind against the *State* for injuries occasioned by defective highways under its control until the year 1925, and in view of the decision in *All v. Barnwell County, supra, it is significant that such liability was imposed by an amendment of Section 2948* of the Code, *rather than by an* amendment of both Sections 2948 and *2950.*

"Section 2948 created liability for 'bodily injury' or *damage to the person.* Section 2950 created liability for *'death,'* and yet the General Assembly, in imposing liability upon the State Highway Department, did so by amendment to the *former* Section and by way of a 'Proviso' thereto, in language showing clearly that its purpose was to establish liability only for. 'injury or damage to person' rather than liability for 'death.' When it saw fit to impose liability for 'death' upon (1) *Counties* and (2) *Municipalities* it spoke in no uncertain terms by the Act of 1903, now Sec. 2950, and it would have been a simple matter to have included 'death' in the Act of 1925, if it had intended to create a liability for death.

"It seems clear, therefore that (a) since a right of action for wrongful 'death' did not exist at common law; (b) since neither the State, nor any of its governmental agencies, was liable at common law in actions *ex delicto* (except where the acts or conduct complained of, in effect, constituted a taking of private property without due process of law, that is, without just compensation); (c) since the General Assembly

first imposed liability upon certain of the State's governmental agencies (*counties and municipalities,* Sections 2948 and 4478, Code of 1922) merely for damage to property and for 'injury to the person' *not resulting in death,* later extending the liability of *counties* and *municipalities* to 'death cases' by Section 2950, Code of 1922; (d) and since no effort to impose liability upon the State itself, or its departmental agency, the State Highway Department, was made until the passage of the Act of 1925, when liability was created for 'injury or damage to person or property' by amendment of Section 2948, rather than by amendment of Section 2950, or including 'death' in the amendment, the State Highway Department of South Carolina is not liable for the 'death' of plaintiff's intestate, unless the contrary has, in effect, been established by the decision of our Court in *McLendon v. City of Columbia,* 101 S. C., 48, 85 S. E., 234, 5 A. L. R., 990, *decided* in 1915 *under the Code of 1912.*

"A careful analysis of that case, however, would seem to indicate that none of the language of Mr. Justice Gage can be construed as establishing liability *in the instant case under the 1922 Code.*

"In the first place, that action was against a municipality which, *by the Act of 1903 (now Section 2950 of the Code),* had been made expressly liable for 'death' a liability in addition to that for injuries to the person, originally imposed by what is now Sec. 4478.

"In the second place, in the *McLendon case, the Court 'read out' of the Act of 1903* (Section 1974, Code of 1912, now Section 2950 of the Code of 1922) the words *'under Section 1475 or under Section 2282 of this Code, either or both,'* because the Sections so referred to in Section 1974 of the Code of 1912 referred to, 'matter foreign to the subject,' *Section 1475 relating to duties of constables generally,* and *Section 2282 relating to the general stock law of the State.* With that clause still omitted from, or 'read out' of, Section 1974, the Section would be broad enough to have

imposed liability for 'death' upon the State Highway Department upon the passage of the Act of 1925.

"But the original Act of 1903 (24 Stat., 67) properly referred to the Sections of the Code of 1902 making *counties* and *municipalities* liable for injuries occasioned by defective highways and streets; *and the Code of 1922, § 2950, now the only general statutory law of the State, corrects the mistake made in the Code of* 1912 (Section 1974) and properly and correctly refers to the Sections of the 1922 Code imposing liability upon *counties* and *municipalities,* hence the words in Section 2950 of the Code of 1922, 'under Section 48 of this Article, or under Section 4478 of this Code, either or both,' cannot now be omitted from, or 'read out' of, Section 2950, and since the Sections referred to are those which impose liability upon *counties* and *municipalities,* it seems absolutely beyond question that all Section 2950 does is to provide that 'whenever the death of a person shall be caused by any injury through a defect in or failure to repair a highway under such circumstances and conditions as would have entitled the party to recover damages under *Section 48 of this Article*' (that is, against a county), 'or under *Section 4478 of this Code*' (*that is, against a municipality*), either or both, if death had not ensued, then in every such case (that is, in every such case against a *county or municipality*), 'the right of action for such injury *and death* shall survive, etc.'

"In other words, Section 2950 of the Code now provides, as clearly as it seems possible to express it, that in every case where one might have maintained an action against a: (1) *county* or against a (2) *municipality,* for injury, or damage to property or to the person, not resulting in death, an action for the 'death' of such person may now be maintained against (1) such *county,* or against (2) such *municipality,* when death ensues. Or, expressed differently, since the General Assembly, in adopting the Code of 1922, § 2950, correctly referred to the other Sections of that Code imposing liability upon *counties* and *municipalities* for *injuries to the*

*person* occasioned by defective highways and streets (Section 48 of Article 1, Title X, and Section 4478) the clause 'read out' of Section 1974, Code of 1912, by the Court in the *McLendon case* has, by the General Assembly of 1922, been reinstated in Section 2950, and cannot now be omitted therefrom, or 'read out' of such Section, by the Court.

"With reference to the question as to the liability of the State Highway Department of South Carolina for failure to furnish plaintiff's intestate with a reasonably safe place in which to work, it seems sufficient to state that there is no statute attempting to create such a liability, and so much of the demurrer as raises this question must be sustained under the authority of *Stewart v. City Council of Charleston,* 134 S. C., 398, 132 S. E., 678.

"As to the remaining questions properly raised by the demurrer, suffice it to say that, if the State Highway Department is not liable for the *death* of a person occasioned by a defect in a highway or road under its supervision and control, it matters not whether *death* was occasioned by the contributory negligence of the intestate, or by the negligence of a fellow servant. If the statute actually gave a right of action for *death,* as distinguished from mere injury, the fact that the defect or negligent repair of the highway was the result of the negligence of a fellow servant would not avail defendant.

"For the reasons hereinbefore advanced, it is ordered that the demurrer to the complaint be, and the same hereby is, sustained."

*Mr. Philip H. Stoll,* for appellant,

*Messrs. Tatum & Jennings,* also for appellants,

*Attorney General John M. Daniel,* and *Asst. Atty. Gen.,* for respondent.

May 2, 1929.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

For reasons assigned by his Honor, Judge Johnson, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.